# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRYANT J. KING,

   Petitioner,

v.

   Civil Action 2:17-CV-10611
   HONORABLE DENISE PAGE HOOD
   CHIEF UNITED STATES DISTRICT JUDGE

J.A. TERRIS,

   Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Bryant J. King, ("petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his sentence as a career offender pursuant to U.S.S.G. § 4b1.1 for his underlying conviction of distributing more than 50 grams, but less than 500 grams, of a mixture containing methamphetamine, 18 U.S.C. § 841(a)(1). For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I.  BACKGROUND

Petitioner was convicted following a jury trial in the United States

1

District Court for the Northern District of Indiana and was sentenced to 262 months imprisonment.

Petitioner's conviction was affirmed on appeal. *United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. King,* No. 1:04-C-369 (N.D. Ind. Apr. 14, 2005).

Petitioner later filed a motion for a new trial based on newly discovered evidence which was denied by the district court. The Seventh Circuit affirmed the denial of the motion. *United States v. King*, 193 F. App'x. 611, 612 (7th Cir. 2006).

Petitioner filed an application to file a successive motion to vacate sentence pursuant to 28 U.S.C § 2244(b)(3)(A) with the United States Court of Appeals for the Seventh Circuit. Petitioner claimed that his two prior Class B burglary convictions out of the State of Indiana could not be categorically considered "crimes of violence" so as to qualify as predicate offenses to sentence petitioner as a career offender. The Seventh Circuit denied petitioner permission to file a successive motion to vacate sentence, concluding that Indiana's Class B burglary statute is divisible and

2

thus petitioner's two prior burglary convictions qualified as crimes of violence, so as to enhance petitioner's sentence as a career offender. *King v. United States,* No. 16-2505 (7th Cir. July 11, 2016).

Petitioner seeks a writ of habeas corpus on the following ground:

> Based on the retroactive substantive change in decisional law announced in *Mathis v. United States,* 136 S. Ct. 894 (2016), King is actually innocence of his USSG § 4B1.1 then mandatory career offender sentence and he is in prison in violation of his Fifth Amendment due process rights and the law-18 USC § 3553(b).

## II. Discussion

Petitioner seeks habeas relief for his classification as a career offender under the sentencing guidelines. Petitioner claims that his two prior Indiana burglary convictions no longer qualify as crimes of violence because the definition of burglary under Indiana law is broader than the generic definition of burglary. Petitioner bases his claim on the recent Supreme Court decision of *Mathis v. United States,* 136 S. Ct. 2243 (2016) and the earlier decision of *Descamps v. United States*, 133 S. Ct. 2276 (2013).

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the

3

legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303; *Charles v. Chandler,* 180 F.3d at 756.

Until recently, a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir.2011); *See also United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001).

The Sixth Circuit, however, recently modified this rule. In *Hill v.*

*Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.,* at 599-600.

Petitioner satisfied the first two pre-requisites under *Hill* to challenge his sentence enhancement in a § 2241 petition in that petitioner was sentenced under the mandatory guidelines provisions that existed prior to *Booker* and that petitioner is unable to bring a second successive motion to vacate sentence because the Supreme Court cases that petitioner relies upon do not involve a new rule of constitutional law. The Government, however, contends that the Supreme Court holding in *Mathis* does not affect the predicate convictions for petitioner's career offender enhancement.

5

A defendant is subject to an enhanced sentence under the guidelines if he or she is a career offender. U.S.S.G. § 4B1.1. The career offender enhancement applies if, among other things, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

A crime of violence is defined as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Physical force means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)(emphasis in original).

Sentencing courts, in determining whether a prior conviction qualifies as a "crime of violence," for purposes of the Armed Career Criminal Act (ACCA), typically apply what is known as a "categorical approach," in which the sentencing court "must compare the elements of the statute forming the

6

basis of the defendant's conviction with the elements of the "generic" crime—i.e., the offense as commonly understood." *Descamps v. United States,* 133 S. Ct. 2276, 2281 (2013). Under this approach, the prior state conviction qualifies as a predicate offense under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* Prior to *Descamps*, the Supreme Court had approved what they referred to as a "modified categorical approach," which involved cases in which a federal defendant had a prior state conviction for violating a so-called "divisible statute," that is, one that "sets out one or more elements of the offense in the alternative." *Id.* If one alternative under the statute was the equivalent of an element in the generic offense under the ACCA, but the other alternative mode of violating the statute was not, the modified categorical approach allowed a sentencing judge "to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* The court could then compare the elements of the prior state conviction, including the alternative element used in that defendant's case, with the elements of the generic crime. *Id.* The Supreme Court in *Descamps* held that a sentencing court may not apply this modified categorical approach to

7

determine whether a prior offense was a violent felony under the ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements that is broader than the generic definition of the offense under the ACCA. *Id.,* at 2283.

More recently, in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court reaffirmed these principles but also held that a sentencing court "may not ask whether the defendant's conduct—his [or her] particular means of committing the crime—falls within the generic definition." *Id.* at 2257. In *Mathis*, the Supreme Court addressed cases in which the state statute lists "alternative means of fulfilling one (or more)" or the elements. *Id.*, at 2253. In these cases, a sentencing judge may not look into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. In *Mathis*, the Supreme Court addressed the scenario that arises when the statute lists "alternative means of fulfilling one (or more)" or the elements. 136 S. Ct. at 2253. In that case, the sentencing court may not inquire into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. "In other words, the modified categorical approach applies to statutes with alternative elements, but does not apply to statutes

8

with alternative means of satisfying a given element." *United States v. Jeffery*, No. 14-CR-20427-01, 2017 WL 764608, at *2 (E.D. Mich. Feb. 28, 2017).

Although *Descamps* and *Mathis* dealt with the Armed Career Criminal Act, the Sixth Circuit has relied on ACCA cases to determine whether a prior conviction qualifies as a crime of violence under the career-offender guideline. *See United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

It is unclear whether petitioner's claim comes within the purview of § 2255(e) savings clause, to permit him to bring a *Descamps/Mathis* claim in a § 2241 habeas petition. Although the Sixth Circuit in *Hill* suggested that *Descamps* applies retroactively, so as to allow such a claim to be brought in a § 2241 habeas petition, a judge in the Eastern District of Kentucky noted that "the Sixth Circuit [in *Hill*] did not independently determine that *Descamps* applied retroactively. Its decision rested on the fact the government conceded that in the specific context of the case, *Descamps* applied retroactively." *Boyd v. Francisco Quintanta, Warden*, No. CV 5: 16-211-DCR, 2016 WL 6780307, at * 2 (E.D. Ky. Nov. 15, 2016). That court also observed that the Sixth Circuit previously held that *Descamps* did not announce a new rule of law, but merely reafffirmed the approach

9

that district court should take regarding the sentencing guidelines as enunciated in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). *Id.* (*citing to United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014)).

To the extent that the Sixth Circuit in *Hill* held that *Descamps* is a new rule of law that would permit petitioner to file a habeas petition under 2241, it would appear to conflict with its earlier holding in *Davis* that held that *Descamps* was not a new rule of law.

When confronted by conflicting holdings of the Sixth Circuit, this Court must follow the earlier panel's holding until it is overruled by the United States Supreme Court or by the Sixth Circuit sitting *en banc*. See *Darrah v. City of Oak Park,* 255 F.3d 301, 310 (6th Cir. 2001). This Court believes that in the absence of any decision by the Sixth Circuit *en banc* or by the Supreme Court that *Descamps* is a new rule of law that should be applied retroactively, this Court is bound by the Sixth Circuit's earlier holding in *Davis* that *Descamps* did not announce a new rule of law, so as to permit petitioner to utilize the § 2255(e) savings clause to file a habeas petition.

This Court further notes that several judges in this district have

concluded that *Mathis* likewise did not create a new rule of law made retroactively applicable to cases on collateral review, but was basically the reiteration of the Supreme Court's prior precedents. *See Sandlain v. United States*, No. 14-CR-20283, 2017 WL 2002005, at * 5 (E.D. Mich. May 12, 2017); *United States v. Snow*, No. 13-CR-20766, 2017 WL 1434307, at *2 (E.D. Mich. Apr. 24, 2017). Every circuit to address the issue has held that *Mathis* is not retroactive to cases on collateral review. *See United States v. Taylor*, 672 F. App'x. 860, 864–65 (10th Cir. 2016); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). It appears that petitioner cannot use the § 2255(e) savings clause to bring a challenge to his sentence under *Mathis*.

Nonetheless, out of an abundance of caution, the Court will address the merits of petitioner's claim.

Petitioner was sentenced as a career offender under § 4B1.1 based upon his two prior Indiana convictions for "Class B" Burglary. The information in each case charged him with burglary of a dwelling place. Indiana's burglary statute at the time of petitioner's convictions read as follows:

> "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits

11

burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant."

Ind.Code. Ann. § 35–43–2–1 (West 1992).

"Generic" burglary, for purposes of the ACCA, requires "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." *Mathis*, 136 S.Ct. at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). The Seventh Circuit, albeit in dicta in a case involving the granting of an *Anders* motion to permit appellate counsel to withdraw, suggested that Indiana's burglary statute fits the generic definition of burglary for purposes of the ACCA. *See United States v. Vogt*, 588 F. App'x. 497, 498 (7th Cir. 2015). Several judges, including a judge in this district, have held that the Indiana burglary statute that petitioner was convicted under qualifies as a crime of violence because the definition of burglary under this statute falls within the generic definition of burglary under the ACCA. *See United States v. Johnson*, No. 2:02-CR-19, 2017 WL 1217241, at * 4-5 (N.D. Ind. Mar. 24, 2017), *United States v. Steele*, Nos. 2:04CR58-PPS, 2:13CV389-PPS, 2016 WL 6563666, at * 4-5 (N.D. Ind. Nov. 4, 2016), *United States v. Samuel*, No. 11-CR-20712, 2015 WL

753462, at * 6 (E.D. Mich. Feb. 23, 2015). Moreover, the Seventh Circuit, in rejecting petitioner permission to file a successive motion to vacate sentence, indicated that petitioner's prior offenses for burglary qualified as a crime of violence for purposes of the career offender enhancement. *In Re King*, No. 16-2505, * 2.

The Court is aware that another judge in the United States District Court for the Northern District of Indiana ruled that Indiana's burglary statute is broader than the generic burglary offense defined in *Taylor* and could not serve as a predicate offense under the ACCA, because Indiana case law interpreted a structure to include a fence. *See United States v. Handshoe*, No. 1:15-CR-35-TLS, 2016 WL 4453242, at * 5 (N.D. Ind. Aug. 24, 2016). This judge's decision was criticized by the two other judges from the Northern District of Indiana in their opinions. *See Steele*, 2016 WL 6563666 at * 5 ("The Indiana burglary statute contains no such additional non-generic language. If the categorical approach does not permit the sentencing court to look beyond the statutory definition of the offense, I don't see any basis for looking to state case law interpreting the dimensions of the statutory language."); *Johnson*, 2017 WL 1217241, at * 5 ("It is, in this Court's opinion, not necessary or appropriate to look to

Indiana case law for statutory interpretation because the Indiana burglary statute matches the language of the generic burglary statute").

The judges' reasoning in *Johnson* and *Steele* is compelling. As the judge in *Steele* noted, 2016 WL 6563666, at * 5, the Supreme Court in *Taylor* required "the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. There is nothing in *Taylor* which requires this Court to look to state case law to determine whether the statutory definition is broader than the generic definition of burglary.

Moreover, the Seventh Circuit, in denying petitioner permission to file a successive motion to vacate sentence, concluded that petitioner's prior Class B Indiana burglary convictions qualify as crimes of violence for purposes of the career offender enhancement. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 (6th Cir. 1996). "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.

1994). The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984).

Petitioner is not entitled to use § 2255(e) savings clause to obtain habeas relief because he is essentially "recycling" the argument that he made in his prior unsuccessful motion to authorize a successive motion to vacate sentence, which was denied by the Seventh Circuit. *See Yates v. Snyder-Norris*, 164 F. Supp. 3d 953, 961 (E.D. Ky. 2016).

### III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004),

petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager